IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRACY LAMONT CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV890 |
| | ) | |
| PAUL MOORE, CLINTON | ) | |
| M. SIMPSON, and THE CITY | ) | |
| OF EDEN, NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 28) and for disposition of Plaintiff's Motion for Appointment of Counsel (Docket Entry 37). For the reasons that follow, Plaintiff should be afforded an opportunity to correct the deficiencies in his Amended Complaint, and Plaintiff's Motion for Appointment of Counsel will be denied.

### Background

This action arises out of Plaintiff's arrest and pre-trial confinement for armed robbery and a subsequent finding of "not guilty" by a jury. Plaintiff, proceeding pro se, filed a Complaint (Docket Entry 2) against Eden Police Department detectives Paul Moore ("Moore") and Clinton Simpson ("Simpson") alleging that he

was "wrongfully arrested" and "falsely accused." (Id. at 3.)[1] Plaintiff also stated that he "[felt] as if [his] name was slandered" when Defendants distributed a wanted poster displaying Plaintiff's picture. (Id.)

Defendants Moore and Simpson subsequently filed Defendants' Motion to Dismiss. (Docket Entry 16.) Plaintiff thereafter moved to amend his Complaint. (Docket Entry 24.) Plaintiff's Amended Complaint sought to dismiss Defendants Moore and Simpson from the action (see Docket Entry 27 at 3 ("Defendant's [sic] Moore and Simpson are hereby dropped as Defendant's [sic] per motion of Plaintiff.")) and to add the City of Eden as a Defendant (see id. ("Plaintiff wishes to add the 'City of Eden' North Carolina as a Defendant in his Complaint as the responsible party in this suit.")). This Court, by way of United States Magistrate Judge Wallace W. Dixon, granted Plaintiff's motion to amend. (See Docket Entry 26.) In light of Plaintiff having amended his Complaint, Judge Dixon deemed the earlier motion to dismiss filed by Defendants Moore and Simpson, which addressed Plaintiff's allegations in the original Complaint, moot. (See id. at 3.)

Defendants Moore, Simpson, and the City of Eden now move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim

---

[1] Page citations refer to page numbers in the CM/ECF footer of the docketed copy.

upon which relief can be granted. (See Docket Entry 28.)[2]

Factual Background

Plaintiff's Amended Complaint (Docket Entry 27) alleges that on May 9, 2007, Plaintiff was arrested and "charged with felonious attempted armed [sic] robbery and placed under a bond of $240,000.00 by employee's [sic] of Defendant City of Eden, North Carolina." (Id. ¶ 4.)[3] It further alleges that on June 4, 2007, the grand jury of Rockingham County issued a bill of indictment against Plaintiff for those same charges. (Id. ¶ 5.) According to the Amended Complaint, on February 22, 2008, Plaintiff was tried by jury and found not guilty. (Id. ¶ 7.)

---

[2] Although Plaintiff's Amended Complaint states "Defendant's [sic] Moore and Simpson are hereby dropped as Defendant's [sic] per motion of Plaintiff" (Docket Entry 27 at 3), because "Plaintiff has not filed a formal Notice of Dismissal of his claims against Defendants Moore and Simpson" (Docket Entry 29 at 8), said Defendants, "in an abundance of caution" (id.), addressed the merits of Plaintiff's claims against them in the instant motion to dismiss (see id.). Under Fed. R. Civ. P. 41(a), because Defendants had already filed an Answer to Plaintiff's original Complaint prior to Plaintiff's indication of a desire to dismiss said Defendants (Docket Entry 18), Plaintiff's dismissal may only be effectuated by Order of the Court or by written stipulation signed by all parties. Accordingly, in light of Plaintiff's stated intent, the Court should construe the instant motion to dismiss, to the extent it applies to Defendants Moore and Simpson, as a consent to Plaintiff's dismissal, and formally dismiss all claims against Defendants Moore and Simpson. The undersigned, therefore, does not address the specifics of Plaintiff's claims against Defendants Moore and Simpson.

[3] Plaintiff's filings generally feature an all-capitalization or sporadic-capitalization style. For ease of reading, in quoting from or citing to Plaintiff's filings, the undersigned utilizes standard capitalization conventions.

-3-

As a result of these events, Plaintiff contends he was "held in involuntary servitude in the Rockingham County Detention Center" from the date of his arrest on May 9, 2007, until his release on February 22, 2008, "in violation of his United States Constitutional rights under the Thirteenth Amendment and also in violation of his North Carolina Constitutional rights under Article I, Section 17." (Id. ¶ 9.) Plaintiff also asserts that "Defendant in arresting Plaintiff without probable cause violated the Constitutional rights of Plaintiff under the Constitution of the United States Fourth Amendment and Article I, Sec. 20 of the Constitution of North Carolina." (Id. ¶ 10.)

Plaintiff goes on to assert four "arguments" regarding his claims, stating as follows:

1) the "grand jury in returning a true bill of indictment without probable cause violated it's [sic] duty" (id. at 6);

2) "the arrest and unlawful confinement of Plaintiff was the result of malicious prosecution" (id. at 7);

3) "due to Plaintiff's arrest without probable cause an issue of false imprisonment or involuntary servitude occured [sic]" (id.); and

4) "the arrest was pursuant to an unreasonable seizure" (id. at 8).

The undersigned liberally construes Plaintiff's pleading as asserting federal claims against the City of Eden under 42 U.S.C.

§ 1983 for violations of the Fourth and Fourteenth Amendments for false arrest, false imprisonment and malicious prosecution, as well as for involuntary servitude in violation of the Thirteenth Amendment and state law claims for violations of Sections 17, 19 and 20 of Article I of the North Carolina Constitution.[4]

### Motion to Dismiss

A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

[4] Plaintiff's Amended Complaint does not re-allege the claim of slander that was included in Plaintiff's original Complaint. (See Docket Entry 27.)

-5-

action, supported by mere conclusory statements, do not suffice." Id.[5]

Moreover, the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted); however, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)). Under this framework, the undersigned

---

[5] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

will first address Plaintiff's federal law claims against the City of Eden.

*Federal Claims*

In the instant case, Plaintiff's Amended Complaint asserts causes of action against the City of Eden under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments for false arrest, false imprisonment and malicious prosecution, as well as for involuntary servitude in violation of the Thirteenth Amendment.

"Section 1983 provides a cause of action for constitutional deprivations arising from actions taken under color of state law." Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 531 (M.D.N.C. 2008) (citing 42 U.S.C. § 1983). However, a municipality cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, to establish liability against a municipality under 42 U.S.C. § 1983, a plaintiff must show that "the constitutional injury is proximately caused by a written policy or ordinance, or by a widespread practice that is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 954 (M.D.N.C. 2011) (Beaty, C.J.) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

In the instant case, Plaintiff has failed to allege the existence of any policy or custom of the City of Eden causing the deprivation of Plaintiff's constitutional rights, much less factual matter that would support such an allegation. As Defendants rightfully note:

> Plaintiff, in his Amended Complaint, alleges only that he was arrested by Defendants Moore and Simpson for attempted armed robbery, that the arrest was without probable cause in violation of his Fourth, Thirteenth and Fourteenth Amendment rights, that he was found not guilty by a Rockingham County, North Carolina Jury, and that the City of Eden was responsible for the actions of its employees, Moore and Simpson. Plaintiff does not allege anywhere in either his original or amended Complaints that the City of Eden developed a custom, policy, practice or pattern of seizing individuals without probable cause or subjecting them to involuntary servitude.

(Docket Entry 29 at 6 (internal citation omitted).) Accordingly, because "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" Atherton, 567 F.3d at 681-82 (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), Plaintiff fails to state a claim upon which relief may be granted regardless of the liberal construction of the Amended Complaint that Plaintiff is afforded under Erickson.

Dismissal, even without prejudice, may impact the viability of Plaintiff's action due to the applicable statutes of limitations.[6] In light of this consideration, and given Plaintiff's pro se status, the Court should afford Plaintiff a 30-day period to correct the deficiencies in Plaintiff's Amended Complaint.

*State Claims*

Plaintiff alleges violations of Sections 17, 19 and 20 of Article I of the North Carolina Constitution based on the same factual allegations put forth to support his federal claims. (See Docket Entry 27 at 5-6.) If Plaintiff is unable to allege facts sufficient to support his federal claims for violations of 42 U.S.C. § 1983, the Court should decline to hear Plaintiff's claims for violations of the North Carolina Constitution.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

---

[6] With respect to Plaintiff's claims brought under 42 U.S.C. § 1983, the analogous state statutes of limitations apply. See, e.g., Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming district court's application of analogous state law statutes of limitations in Section 1983 claim). Under North Carolina law, the applicable statute of limitations would be three years. See N.C. Gen. Stat. § 1-52(5); N.C. Gen. Stat. § 1-52(13); see also Fowler v. Valencourt, 334 N.C. 345, 350, 435 S.E.2d 530, 533 (1993) ("N.C.G.S. § 1-52(13) deals expressly with claims arising out of assault, battery and false imprisonment by a public officer acting under color of his office . . . ."). In the instant case, it appears the events underlying Plaintiff's claims occurred between May 2007 and February 2008 (see Docket Entry 27 at 3).

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added).

"It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, if Plaintiff is unable to correct the deficiencies in his Amended Complaint with respect to his claims under 42 U.S.C. § 1983, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and, instead, should dismiss those claims as well.

## Motion for Appointment of Counsel

Plaintiff moves the Court to appoint counsel on the grounds that "efforts were made [] to obtain [] counsel by the Plaintiff" and that "this case has merit." (See Docket Entry 37 at 2.) In order to demonstrate his efforts to seek an attorney, Plaintiff has provided two letters from law offices Plaintiff has contacted in

which said offices notified Plaintiff that they declined to take up Plaintiff's representation.  (See id. at 4-5.)

"[A] plaintiff does not have an absolute right to appointment of counsel."  Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  Rather, the provision of counsel via court-intervention remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court.  It is a privilege and not a right."  Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).

The Fourth Circuit has provided some guidance for the Court's application of this discretion in holding that a litigant "must show that his case is one with exceptional circumstances."  Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).  "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant."  Whisenant v. Yuam,  739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989).  More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).  Neither circumstance is "apparent" in this case.

First, it is not "apparent" that Plaintiff has a colorable claim.  As discussed above, see discussion supra at 5-10, Plaintiff

has not alleged sufficient facts to support a cause of action against the City of Eden under 42 U.S.C. § 1983.  Indeed, on the facts alleged, the Court is unable to even "infer the mere possibility of misconduct."  Iqbal, 129 S. Ct. at 1950 (2009).  Second, given the straightforward nature of Plaintiff's allegations, and Plaintiff's ability to present certain facts to the Court in his filings thus far, it is not "apparent" that Plaintiff lacks the ability to present his claims to the Court if facts adequate to support those claims in fact existed.  Accordingly, the Court will exercise its discretion to deny Plaintiff's Motion for Appointment of Counsel.

## Conclusion

Plaintiff has failed to allege factual matter regarding the existence of a custom or policy of the City of Eden so as to state a claim against said municipality under 42 U.S.C. § 1983.  However, as dismissal of Plaintiff's claims, even without prejudice, could result in a limitations bar, Plaintiff should be afforded an opportunity to allege facts correcting the deficiencies in his Amended Complaint as outlined herein.  Furthermore, because it is not apparent that a colorable claim exists or that Plaintiff lacks the ability to present facts supporting such a claim, the Court will exercise its discretion to deny Plaintiff's Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Docket Entry 37) is **DENIED**.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 28), be granted in part, in that Plaintiff's claims against Defendants Moore and Simpson be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff be afforded a period of 30 days to correct the deficiencies in Plaintiff's Amended Complaint as outlined herein against the City of Eden.

**IT IS FURTHER RECOMMENDED** that, if Plaintiff fails to file an Amended Complaint within the 30-day period allotted, that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 28), as it relates to the remaining Defendant, the City of Eden, be granted and Plaintiff's claims against the City of Eden be dismissed with prejudice.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                       **United States Magistrate Judge**

Date: February 17, 2012